

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00511-CV

**XPO LOGISTICS FREIGHT, LLC**,
Appellant

v.

Ralph **HERNANDEZ**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-21366
Honorable Renée Yanta, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  September 5, 2018

DISMISSED FOR LACK OF JURISDICTION

Appellant XPO Logistics Freight, LLC attempts to appeal an order denying a motion to compel arbitration. An appeal from such an order is accelerated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2011) (allowing appeal of an order denying a motion to compel arbitration); TEX. R. APP. P. 28.1(a) (stating appeals from interlocutory orders, when allowed, are accelerated).

When an appeal is accelerated, the notice of appeal is due within twenty days after the appealable order is signed. TEX. R. APP. P. 26.1(b), 28.1(b). An appellate court may grant an

extension of time to file a notice of appeal if the notice and a motion for extension of time are filed within fifteen days of the deadline for filing the notice of appeal. *Id*. 26.3, 28.1(b). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). However, once the fifteen-day period for filing a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Id*.; *Kalakonda v. Aspri Inv., LLC*, No. 04-15-00340-CV, 2015 WL 4554254, at *1 (Tex. App.—San Antonio July 29, 2015, no pet.); *Shaheen v. Luckie's Auto & Truck Repair, Inc.*, No. 11-09-00218-CV, 2009 WL 2374562, at*1 (Tex. App.—Eastland July 30, 2009, no pet.).

In this case, the trial court signed the challenged order on June 13, 2018. Because this is an accelerated appeal, appellant's notice of appeal was due on July 3, 2018. *See* TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal was due on July 18, 2018. *See id*. 26.3. However, appellant did not file its notice of appeal until July 24, 2018, and it did not file its motion for extension of time to file a notice of appeal until July 25, 2018. Therefore, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant filed a response to our show cause order. In its response, appellant does not dispute that its notice of appeal was due on July 3, 2018, and that it did not file its notice of appeal until July 24, 2018. Additionally, appellant does not dispute that its motion for extension of time to file its notice of appeal was due on July 18, 2018, and that it did not file this motion until July 25, 2018. Nevertheless, appellant urges us to grant its motion for extension of time to file its notice of appeal. We cannot do so. None of the authority appellant cites in its response authorizes us to grant an extension of time to file a notice of appeal after Rule 26.3's fifteen-day grace period has passed. After the fifteen-day grace period has passed, a party can no longer invoke the appellate

court's jurisdiction. *See Verburgt*, 959 S.W.2d at 617; *Kalakonda*, 2015 WL 4554254, at *3 (concluding purported notice of appeal was untimely when it was filed after Rule 26.3's fifteen-day grace period and, therefore, dismissing the appeal for lack of jurisdiction); *Shaheen*, 2009 WL 2374562, at *1 (concluding appellate court's jurisdiction was not invoked when the appellant failed to comply with the timelines in Rules 26.1 and 26.3, and filed his notice of appeal more than fifteen days after the original due date). Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM